1   James J. Arendt, Esq.     Bar No. 142937
    Brande L. Gustafson, Esq.     Bar No. 267130
2   Weakley & Arendt, LLP
    1630 East Shaw Ave., Suite 176
3   Fresno, California 93710
    Telephone:  (559) 221-5256
4   Facsimile:  (559) 221-5262
    James@walaw-fresno.com
5   Brande@walaw-fresno.com
    Attorneys for Defendants, County of Kings, Sheriff David Robinson, Commander Kim
6   Pedreiro, and Sgt. Sheri Henderson

7   Michael J. Haddad, SBN 189114
    Julia Sherwin, SBN 189268
8   Genevieve Guertin, SBN 262479
9   T. Kennedy Helm, SBN 282319
    HADDAD & SHERWIN, LLP
10  505 Seventeenth Street
    Oakland, CA 94612
11  Telephone: (510) 452-5500
    Attorneys for Plaintiffs
12
13  Peter G. Bertling #131602
    Jemma Parker Saunders #227962
14  BERTLING & CLAUSEN L.L.P.
    15 West Carrillo Street, Suite 100
15  Santa Barbara, California 93101
    Telephone: (805) 892-2100
16  Facsimile: (805) 963-6044
    pgb@bertling-clausen.com
17  jps@bertling-clausen.com
    Attorneys for Defendants California Forensic Medical Group, Inc., Taylor Fithian, M.D.,
18  Megan Nabors, L.V.N., Danielle Ecker, Linda Weesner, R.N., Minetta Costa, R.N., and Jana
    Cerarley, L.P.T.

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LAURIE DIGIANTOMASSO, et al., | CASE NO. 1:14-cv-01633-MCE-GSA |
| Plaintiff, | **STIPULATION AND PROTECTIVE ORDER** |
| vs. | Complaint Filed: October 17, 2014 |
| TULARE COUNTY, et al., | Trial Date: March 13, 2017 |
| Defendants. | |

Stipulation & Protective Order          1

In the above captioned case, *Laurie DiGiantomasso v. Tulare County, et al.*, U.S.D.C. (E.D. Cal.) No. 1:14-cv-01633-MCE-GSA ("the Action"), Plaintiffs Laurie DiGiantomasso, Randy DiGiantomasso, and Shaymus DiGiantomasso, Deceased ("Plaintiffs"); County of Kings, Sheriff David Robinson, Commander Kim Pedreiro, and Sergeant Shari Henderson ("County Defendants"), California Forensic Medical Group, Inc., Taylor Fithian, M.D., Megan Nabors, L.V.N., Danielle Ecker, Linda Weesner, R.N., Minetta Costa, R.N., and Jana Cerarley, L.P.T. ("CFMG Defendants") (collectively, the "Parties"), agree that discovery and informal discovery in this action is likely to involve production of private, proprietary, or security-sensitive information for which protection from public disclosure and from use for any purpose other than this litigation may be warranted.  As a result, the Parties seek to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and constitutional privacy rights.

IT IS HEREBY STIPULATED AND AGREED by and between the Parties by and through their respective counsel of record, that they jointly request, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that the Court enter this [Proposed] Protective Order as an Order of the Court, as follows:

1. For purposes of this Stipulation and Protective Order, CONFIDENTIAL INFORMATION means any document, information, or tangible thing, electronic recording or transcript of oral testimony, whether or not made under oath, or any portion of such a document, thing, recording, or transcript, designated by any party as "CONFIDENTIAL INFORMATION" because it contains (a) proprietary information (trade secret, proprietary matter, or other confidential research, development, or commercial information as those terms are used in Federal Rule of Civil Procedure 26), (b) security-sensitive information that if released to the public or inmate population may compromise the safety and security of a correctional facility, (c) confidential personal information, such that the party making the designation avers that it can and would make a showing to the Court sufficient to justify the filing of the document or information under seal in accordance with Federal Rule of Civil Procedure 26(c), Local Rule 141, and controlling federal case law, or (d) information reasonably believed to be protected

1  from disclosure pursuant to state or federal law.

2      2.     By way of example, the term "documents" includes but is not limited to
3  operations records, institutional records, medical records, policy and procedure manuals,
4  training materials, correspondence, emails, memoranda, or other printed or electronic matter,
5  interoffice and/or intra-corporate communications, letters, statements, contracts, invoices,
6  drafts, charts, maps, diagrams, video, photographs, medical records, institutional records,
7  personnel files, work sheets, desk diaries, recordings, specifications, compilations from which
8  information can be obtained and translated as required through detection devices into
9  reasonably usable form, sketches, drawings, notes (including laboratory notebooks and records),
10  disclosures, data, reports, work assignments, instructions, and other writings. By way of
11  example, and not limitation, CONFIDENTIAL INFORMATION may include or be included in
12  simulations, animations, computer programs and software, magnetic or digital discs,
13  electronically recorded tapes of any sort, summaries, notes, abstracts, motions, drawings,
14  videos, photographs, and any instrument that comprises, embodies, or summarizes otherwise
15  CONFIDENTIAL INFORMATION.

16      3.     During the Action, the Parties may produce certain documents pursuant to
17  discovery requests, agreement, or in connection with the retention of experts.  At the time of
18  production, the producing party will designate the documents or portions thereof that they deem
19  to contain CONFIDENTIAL INFORMATION. Only documents or portions thereof marked as
20  "CONFIDENTIAL INFORMATION" will be subject to this Stipulation and Protective Order.
21  CONFIDENTIAL INFORMATION will not be disseminated or produced except in accordance
22  with this Stipulation and Protective Order.  By designating a document or portion thereof as
23  CONFIDENTIAL INFORMATION, the party making the designation avers that it can and
24  would make a showing to the Court sufficient to justify the filing of the document or portion
25  thereof under seal in accordance with Federal Rule of Civil Procedure 26(c), Local Rule 141,
26  and controlling federal case law.

27      4.     The designation of a document or portion thereof as CONFIDENTIAL
28  INFORMATION shall be made, whenever possible prior to production, by placing or affixing

on each page of such material in a manner that will not interfere with its legibility the words "CONFIDENTIAL INFORMATION." If such designation is not possible prior to the production, the designation must be made in writing by the producing party, and replacement documents bearing the "CONFIDENTIAL INFORMATION" designation shall be provided as soon as practicable. In the event that documents subject to confidentiality, or portions thereof, are inadvertently produced without being designated CONFIDENTIAL INFORMATION, they shall be treated as CONFIDENTIAL INFORMATION as of the date of designation.

5. Counsel for any party retains the right to challenge the designation of a particular document or portion thereof as CONFIDENTIAL INFORMATION. The burden of proof with respect to the propriety or correctness of the designation of any document or portion thereof as CONFIDENTIAL INFORMATION will rest on the designating party. If any party believes any designation of a document or portion thereof as CONFIDENTIAL INFORMATION is inappropriate, the Parties will meet and confer and attempt to resolve the issue on an expedited basis. If the Parties are unable to mutually agree on a resolution, the Parties will seek appropriate Court intervention, including a request for a discovery conference or call with the Judge, and where appropriate, submit the documents to the Judge under seal to determine whether and to what extent such documents or portions thereof should be deemed CONFIDENTIAL INFORMATION in accordance with Paragraphs 1 and 3 of this Protective Order. Specifically, the Judge shall determine whether the party seeking to designate CONFIDENTIAL INFORMATION has satisfied the requirements for filing the document or portion thereof sought to be designated under seal in accordance with Federal Rule of Civil Procedure 26(c), Local Rule 141, and controlling federal case law. Where requested or permitted by the Court, the Parties may provide the Court with separate statements containing the challenges by the party opposing the CONFIDENTIAL INFORMATION designation and the justifications by the party designating the documents or portions thereof as CONFIDENTIAL INFORMATION.

6. Whenever a deposition or court proceeding involves the disclosure of a party's CONFIDENTIAL INFORMATION, the following procedure will apply:

      a.      The court reporter will be directed to bind those portions of the transcript containing CONFIDENTIAL INFORMATION separately.  This request will be made on the record whenever possible.

      b.      The cover of any portion of a deposition or court proceeding transcript that contains testimony or documentary evidence that has been designated CONFIDENTIAL INFORMATION will be prominently marked:

**CONFIDENTIAL/SUBJECT TO PROTECTIVE ORDER**

      c.      All portions of deposition or court proceeding transcripts designated as CONFIDENTIAL INFORMATION will be sealed and will not be disseminated except to the persons identified in Paragraph 10.

7.      Any party may designate a deposition or portion thereof as CONFIDENTIAL INFORMATION and subject to the Protective Order during or for a reasonable time after the deposition. If a party intends to designate portions of a deposition as "CONFIDENTIAL" that party shall have the right to limit attendance at the relevant portion of the deposition to the persons set forth in Paragraph 10 of this Order.  For all pleadings that contain CONFIDENTIAL INFORMATION, the filing party shall seek leave of court to file under seal consistent with the Local Rules for the Eastern District of California. With leave of court, an unredacted version will be filed under seal with the Clerk of the Court, and pleadings containing CONFIDENTIAL INFORMATION will be filed in a sealed envelope prominently marked with the caption of this case, the identity of the party filing the envelope, and the notation:

**CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER**

**THIS ENVELOPE IS NOT TO BE OPENED NOR THE CONTENTS DISPLAYED,**

**COPIED, OR REVEALED, EXCEPT BY COURT ORDER**

Counsel for parties agree to accept service copies of sealed pleadings by email and first-class mail.

8.      Upon a failure of the filing party to file personal, security, or proprietary information under seal, any party may request that the Court place the document under seal. The procedures of Local Rule 141 shall be followed.

9. Either party may challenge the designation of a deposition transcript, or a portion thereof, as CONFIDENTIAL INFORMATION, under the procedure set forth in paragraph 5, above.

10. Unless otherwise provided in this Order, and subject to the provisions of Paragraph 11, access to CONFIDENTIAL INFORMATION will be restricted to the Court, its officers, court personnel and stenographic parties engaged in proceedings in this matter, Plaintiff and Defense experts, and Plaintiff and Defense counsel (defined herein to include: attorneys in this action and their support staff, including copy services, investigators, consultants, paralegals, legal interns, and legal assistants), and other testifying or consulting experts, where production is required by the Federal Rules of Civil Procedure, or where production is ordered by the Court. Any attorney, the attorney's support staff or expert to whom disclosure is made will be furnished with a copy of the Protective Order and will be subject to the Order. Nothing in this Protective Order will preclude Plaintiffs' counsel from reviewing with the Plaintiffs, decedent's jail medical and/or custody records.

11. The Parties agree that CONFIDENTIAL INFORMATION subject to this Protective Order shall be used solely for the purposes of this litigation, and in no other litigation, except as unsealed by the Court or filed in the public record in this action.

12. Within thirty (30) days of the conclusion of the litigation of this action, all material marked as CONFIDENTIAL INFORMATION under this Confidentiality Agreement and not received in evidence shall be returned to the producing Party or third party, unless the Parties agree that the material may be destroyed instead of being returned, in which instance counsel shall certify that the documents have been destroyed. The designating party may request that the Clerk of the Court return to the producing Party or third party, or destroy, any sealed material and/or CONFIDENTIAL INFORMATION used as evidence at the end of the litigation, including appeals. This Confidentiality Agreement shall survive the discontinuance or other resolution of the action.

13. As far as the provisions of any protective orders entered in this action restrict the communication and use of the CONFIDENTIAL INFORMATION produced thereunder, such

Stipulation & Protective Order                6

orders shall continue to be binding after the conclusion of this litigation, except that there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were or should have been filed under seal.

14. Nothing in this Stipulation and Protective Order precludes Plaintiffs or Defendants from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or portions thereof, or relief from the Protective Order.

15. Each person designated in Paragraph 10, by receiving and reading a copy of the Protective Order entered by the Court as part of this Stipulation and Protective Order, agrees to abide by its provisions and to see that its provisions are known and adhered to by those under his or her supervision or control, and to submit to the jurisdiction of the Court in the event the Protective Order is breached.

**IT IS SO STIPULATED.**

DATE: September 1, 2015                    HADDAD & SHERWIN, LLP

By:    /s/ T. Kennedy Helm (as authorized on 9/01/15)
       Michael J. Haddad
       Julia Sherwin
       Genevieve K. Guertin
       T. Kennedy Helm
       Attorneys for Plaintiffs

DATE: September 1, 2015                    WEAKLEY & ARENDT, LLP

By:    /s/ Brande L. Gustafson                        .
       James J. Arendt
       Brande L. Gustafson
       Attorneys for Defendants County of Kings,
       Sheriff David Robinson, Commander Kim
       Pedreiro, and Sgt. Sheri Henderson

Stipulation & Protective Order            7

DATE: September 2, 2015  BERTLING & CLAUSEN, LLP

By:   /s/ Jemma Parker Saunders (as authorized on 9/02/15)
Peter G. Bertling
Jemma Parker Saunders
Attorneys for Defendants
California Forensic Medical Group, Inc., Taylor Fithian, M.D., Megan Nabors, L.V.N., Danielle Ecker, Linda Weesner, R.N., Minetta Costa, R.N., and Jana Cerarley, L.P.T.

**ORDER**

The Court adopts the parties' foregoing stipulated protective order with the following exceptions:

- The Court declines to adopt page 4, lines 19-26. To the extent motion practice is required, the parties shall comply with Local Rules 141 and 251.

- The Court declines to adopt page 5, lines 17-23 (beginning with the line "With leave of court . . . "). Any request to file documents under seal shall follow the guidelines set forth under Local Rule 141.

- The Court declines to adopt page 6, lines 22-26 (beginning with the line "The designating party . . .").

- The Court declines to retain jurisdiction over enforcement of the terms of the protective order after the action has been closed, as requested under paragraph 13. *See* Local Rule 141.1(f).

The Court retains the discretion to determine the appropriate mechanism(s) for the resolution of any disputes arising out of the stipulated protective order.

IT IS SO ORDERED.

Dated:   **September 4, 2015**        **/s/ Gary S. Austin**
                                                           UNITED STATES MAGISTRATE JUDGE